**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

May 20, 2024

## LETTER ORDER

Re: *Krasucki v. American Maritime Services of New York Inc., et al.*
  Civil Action No. 23-3268 (ES) (AME)

Dear Counsel:

On May 4, 2023, Plaintiff, Marek Krasucki, filed a Complaint in New Jersey State Court against Defendants, American Maritime Services of New York Inc., and Robert Chlan, pursuant to the New Jersey Law Against Discrimination ("LAD") alleging that Plaintiff was subjected to a hostile work environment by Defendants because of Plaintiff's national origin. (D.E. No. 1-1 ("Complaint")). Additionally, Plaintiff alleged—pursuant to the Conscientious Employee Protection Act ("CEPA")—that Defendants retaliated against Plaintiff for reporting the alleged unlawful discrimination. (*Id.*). On June 14, 2023, Defendants removed the matter to this Court pursuant to 28 U.S.C. § § 1441(a) and 1446 because Defendants believed that this Court had original federal question jurisdiction over Plaintiff's state claims under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (D.E. No. 1 ¶ 8). Specifically, Defendants argued that Plaintiff's employment was governed by a collective bargaining agreement ("CBA")—subject to the LMRA—existing between the Metropolitan Marine Maintenance Contractors' Association, Inc., the International Longshoremen's Association, and its affiliated Locals 1804-1 and 1814. (*Id.* ¶ 6). As a result, Defendants argued that Plaintiff's state claims against Defendants were "inextricably linked to the interpretation of the terms of the CBA." (*Id.* ¶¶ 8).

On July 13, 2023, Plaintiff filed a Motion to Remand and Award Attorneys' Fees and Costs, asserting that Plaintiff's state law claims were not based on the CBA nor were they dependent on the interpretation of the CBA, meaning federal subject matter jurisdiction was lacking. (D.E. No. 7). Additionally, Plaintiff requested the Court "award Plaintiff's attorneys' fees and costs associated with Defendants' removal because Defendants did not have an objectively reasonabl[e] basis to remove Plaintiff's claim." (*Id.* 7-1). On August 7, 2023, Defendants submitted an Opposition, contending that Plaintiff's LAD and CEPA claims against Defendant American Maritime Services of New York Inc. were properly removed to this Court because each of the claims asserted by Plaintiff required an analysis of the CBA. (D.E. No. 10). Moreover, Defendants alleged that all the Parties to this matter were covered by the CBA. (*Id.*). Defendants also opposed Plaintiff's request for attorneys' fees and costs associated with the removal of this action to this Court because Defendants allegedly "properly relie[d] on relevant recent case law from this Court compelling removal and preemption of similar claims under [] LMRA." (*Id.* at 5). Plaintiff filed a reply on August 14, 2023, relying on *Medley v. Atl. Exposition*

*Servs.*, 550 F. Supp. 3d 170 (D.N.J. 2021), to assert that "[a]n interpretation of the CBA was not needed to establish Plaintiff was a native of Poland and was subjected to harassing comments that a Polish-American person would find hostile, intimidating[,] or abusive." (D.E. No. 11 at 7).

On April 25, 2024, the Honorable Andre M. Espinosa, U.S.M.J. issued a Report and Recommendation recommending that the Court grant Plaintiff's Motion to Remand and deny Plaintiff's request for attorneys' fees and costs. (D.E. No. 14 ("R&R")). Judge Espinosa provided the Parties fourteen days to file and serve objections to the R&R pursuant to Local Civil Rule 72.1(c)(2). (*Id.*). The Parties did not file any objections.

Having reviewed Judge Espinosa's Report and Recommendation in full, and for the reasons stated therein,

**IT IS** on this 20th day of May 2024,

**ORDERED** that the Court **ADOPT** Judge Espinosa's Report and Recommendation (D.E. No. 14) in full; and it is further

**ORDERED** that Plaintiff's Motion to Remand (D.E. No. 7) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's request for attorneys' fees and costs (D.E. No. 7) is **DENIED**.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**